## STEVEN M. MAILHOT *v.* COMMISSIONER OF MOTOR VEHICLES
### (AC 18422)

Foti, Landau and Spallone, Js.

Argued March 29—officially released June 29, 1999

*Richard F. Paladino*, for the appellant (plaintiff).

*Roberto Marconi*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendant).

*Opinion*

SPALLONE, J. This appeal is taken after an administrative department of motor vehicles per se hearing and from the trial court's judgment dismissing the appeal. We affirm the judgment of the trial court.

The plaintiff, Steven M. Mailhot, challenged the decision of the defendant commissioner of motor vehicles (commissioner) suspending the plaintiff's motor vehicle operator's license for refusing to submit to a chemical test of his breath or urine pursuant to General Statutes § 14-227b (c).[1] The hearing officer found the issues in favor of the defendant, including a finding that the plaintiff refused to take the test. The plaintiff appealed to the trial court, which found that there was sufficient evidence in the record to support the hearing officer's finding that the plaintiff refused to submit to the required test for alcohol level. This appeal followed.

---

[1] General Statutes § 14-227b (c) provides: "If the person arrested refuses to submit to such test or analysis or submits to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicate that the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight, the police officer, acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license or, if such person is a nonresident, suspend the nonresident operating privilege of such person, for a twenty-four-hour period and shall issue a temporary operator's license or nonresident operating privilege to such person valid for the period commencing twenty-four hours after issuance and ending thirty days after the date such person received notice of his arrest by the police officer. The police officer shall prepare a written report of the incident and shall mail the report together with a copy of the completed temporary license form, any operator's license taken into possession and a copy of the results of any chemical test or analysis to the Department of Motor Vehicles within three business days. The report shall be made on a form approved by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided in section 53a-157b by the arresting officer. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and shall state that such person had refused to submit to such test or analysis when requested by such police officer to do so or that such person submitted to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight."

The plaintiff claims that the trial court improperly upheld the action of the commissioner admitting into evidence the A-44 report and supplemental report by concluding that the A-44 report contained an endorsement by a third party who had witnessed the plaintiff's refusal to take the test. The plaintiff also claims that the trial court improperly upheld the hearing officer's order suspending the plaintiff's license, citing the same reasons stated in his first claim.

In essence, the plaintiff's claim is based on an interpretation of the requirement in § 14-227b (c) that "[t]he police officer shall prepare a written report of the incident . . . . The report shall be made on a form approved by the Commissioner of Motor Vehicles [the A-44 report contested here is the approved form] and shall be subscribed and sworn to . . . by the arresting officer. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. . . ."

The construction of a statute is a question of law, and, therefore, the review on appeal is plenary. *Davis* v. *Norwich*, 232 Conn. 311, 317, 654 A.2d 1221 (1995). Thus, when determining a question of law referencing the interpretation of a statute, a broader standard of review is invoked than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. *State Medical Society* v. *Board of Examiners in Podiatry*, 208 Conn. 709, 718, 546 A.2d 830 (1988); *Robinson* v. *Unemployment Security Board of Review*, 181 Conn. 1, 5, 434 A.2d 293 (1980).

Section 14-227b-19 (a) of the Regulations of Connecticut State Agencies provides that "[t]he written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirement of subsection (c) of Sec. 14-227b of the General Stat-

utes." The plaintiff argues that the A-44 report, the police report, should not have been admitted into evidence at the administrative hearing because it did not include an endorsement by a third person as required by § 14-227b (c) in the event of a refusal to take the test. In the present case, the A-44 report was sworn to by Sergeant Cliff Barrows, the arresting officer. In addition to Barrows' signature, Officer Charles Della Rocco signed as a witness to the refusal. The hearing officer, in determining whether a third person witnessed the refusal, counted the plaintiff and both police officers. The plaintiff insists that the signatures of three police officers are required. We find the plaintiff's position to be without merit.

The fundamental objective when engaging in statutory interpretation is to ascertain and give effect to the apparent intent of the legislature. To accomplish this end, we look to the actual wording of the statute, the legislative history and the circumstances surrounding its enactment. *State* v. *Spears*, 234 Conn. 78, 86–87, 662 A.2d 80, cert. denied, 516 U.S. 1009, 116 S. Ct. 565, 133 L. Ed. 2d 490 (1995).

The Superior Court, each time that it has ruled on the requirements of the statute, has repeatedly rejected the notion that three police officers have to sign the A-44 report. Since 1993, our trial courts have held that in a refusal case the signature of two police officers on the A-44 report fulfilled the statutory requirement of § 14-227b (c).[2] Clearly, the statute requires that, in addition to the person charged and the arresting officer,

---

[2] See, e.g., *Vojick* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of New London, Docket No. 537452 (July 22, 1997); *Tuttle* v. *Commissioner of Motor Vehicles*, judicial district of Hartford-New Britain at Hartford, Superior Court, Docket No. 555532 (June 28, 1996) (17 Conn. L. Rptr. 221); *Montambault* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 553094 (December 19, 1995); *Kall* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705030 (December 21, 1994); *Yankofske* v. *Dept. of Motor Vehicles*, Superior Court, judicial district of Waterbury, Docket No. 110470 (March 3, 1993).

any refusal to take the test must be witnessed by a third party. Obviously, the intent of this provision is to avoid a "my word against yours" situation.[3]

This court concludes that, in addition to the requirement that the A-44 report be subscribed and sworn to by the arresting officer, when the person arrested refuses to take the test, the signature of only one other witness is needed.

We hold that § 14-227b (c), where there is a refusal to take the test by the party arrested, requires, at a minimum, the presence of three persons, i.e., the person charged, the arresting officer and a third party witness, who may or may not be the same person who took the arresting officer's oath.

Accordingly, we conclude that the trial court, in concluding that the hearing officer properly admitted into evidence the A-44 report and that the hearing officer properly suspended the plaintiff's driver's license, acted reasonably and prudently in accordance with applicable law.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] Although the statute is not ambiguous, we also note the legislative history. A fair reading of the remarks of State Senator Clinton A. Leonhardt, in moving for passage of the bill providing for this legislation, clearly indicates that in addition to the person charged and the arresting officer, the signature of only one other person is required. Senator Leonhardt stated, inter alia, "First of all, no one can be asked to be given this test unless they have been arrested for probable cause for driving under the influence so there has to be some independent source of the arrest; erratic driving, speeding, and then the smelling of the breath and that sort of thing. The police officer has to have independent cause for administering the test. In line 113 of the Bill, it provides for two different tests to be given. If there is a refusal the police officer has to say so under oath. It has to be in front of a third party so its not something the police officer is making up on his own and then very importantly, the bill makes provision for an immediate post suspension hearing . . . so that the Constitutional due process rights of drivers are protected." 24 S. Proc., Pt. 18, 1981 Sess., pp. 5672–73.